Nothing appears in the case to indicate any contributory negligence on the part of the plaintiff. Whether the defendants' employé, in the management of the elevator, was guilty of negligence, was a question of fact, which should have been submitted to the jury. The evidence of one of the belts being loose, and that subsequent to the accident the same was tightened, was received, and may, to some extent, have borne upon the question of whether the employé was negligent in the management of the elevator at the time the plaintiff received the injuries complained of. It was said in the course of the evidence that the elevator was balanced so that in the absence of the power it would remain stationary. The fact, however, was shown that the weight of the man and the weight of the bags were in the elevator, and actually caused the same to descend with great rapidity from the seventh floor to the cellar, and that the rapidity of the motion was such that the plaintiff received the jar or bruises of which he complains. We think a question of fact was presented, which ought to have been submitted to the jury.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur except ADAMS, J., not voting.

---

(32 App. Div. 486.)

### TAYLOR v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

CARRIER—ACCIDENT TO CAR—REFUSAL TO TRANSFER—DAMAGES.

> If a surface railroad company undertakes with a passenger, who pays his fare, to convey him with reasonable speed to his destination, and the car breaks down on the way, and the company refuses to transfer him to another car without payment of another fare, his cause of action for resulting damages at once arises, and he cannot, by attempting to transfer himself to another car, and resisting his expulsion therefrom by the conductor, in accordance with the company's rules, subject the company to any further liability.

Appeal from trial term, Kings county.

Action by Melvin H. Taylor against the Nassau Electric Railroad Company. From a judgment entered on dismissal of complaint, on motion of defendant after plaintiff had introduced his evidence, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and WOODWARD, JJ.

D. W. Perkins, for appellant.
John F. Brennan, for respondent.

WOODWARD, J. This is an action for damages alleged to have been sustained by the plaintiff by reason of his ejectment from one of the cars of the defendant, which car he had entered for the purpose of continuing his journey, which had been interrupted by an accident. The undisputed facts are that the plaintiff entered one of the defendant's cars to be taken to his home, near Coney Island. He paid his fare, and became entitled to ride from the point of entering the car to his destination. After going a short distance, the car became dis-

abled, and was run onto a switch for repairs. While thus standing upon the switch, several cars of the defendant passed, but there was no offer on the part of the defendant to transfer the plaintiff. Subsequently, a second car of the defendant was run in onto the switch, and repairs upon the first car were suspended while the second car received the attention of the workmen. The plaintiff (who alleges in his complaint that he had an important business engagement in New York, which he was unable to meet, and by reason of which he suffered loss in the amount of three dollars, which loss is conceded by the defendant), being anxious to reach his destination, stepped from the car in which he had paid his fare to the second car of the defendant, and, in the presence of the superintendent of the defendant and its conductor, took a seat upon the same. He was told to keep his place in the delayed car; that, if he rode in the second car, he would be obliged to pay another fare. He refused to return to the car on which he had paid his fare, or to pay a second fare; and, because of such refusal, he was ejected from the car in which he had taken his seat. He was subsequently taken upon one of the cars of the defendant to his destination without further cost. At the close of the plaintiff's evidence, a motion was made by the defendant to dismiss the complaint, on the ground that the plaintiff had failed to make out a cause of action. This motion was granted, and, from the judgment entered, the plaintiff appeals to this court.

It is unnecessary to determine at this time whether the plaintiff was entitled to go to the jury upon the main question. The motion of the defendant was to dismiss the complaint upon the ground that the plaintiff had established no cause of action, when in fact the defendant had conceded that the plaintiff had sustained damages to the amount of four dollars by reason of the failure of the defendant company to carry him to his destination in time to permit him to meet his engagement in New York. Clearly, the plaintiff had established a cause of action in so far as the conceded damages are concerned, and it was reversible error for the trial court to dismiss the complaint.

In view of the facts in this case, and the contention of the plaintiff as to the principal cause of action, it may be proper to say that we are unable to find any authorities in this state which would justify submitting the evidence to the jury. The plaintiff entered into a contract with the defendant to carry him between two points upon the line of railroad operated by the defendant, with reasonable speed, and in safety. The fact that one of the cars operated by the company met with an accident did not give the plaintiff any new rights. The defendant had a right to transfer him to another car if it thought proper to do so, but, because of the fact that the defendant did not elect to do this, the plaintiff gained no right to transfer himself. The defendant, by refusing to make the transfer, took upon itself the responsibility for its breach of contract with the plaintiff, but it gave the plaintiff no right to transfer himself.

As was said in the case of Townsend v. Railroad Co., 56 N. Y., at page 301:

"But when the conductor in charge of the train explicitly tells him that he cannot retain his seat upon that ticket [a ticket which had been wrongfully taken up by the conductor of another train], that he must pay fare or leave the car, does it not amount to the same thing? He then knows that he cannot proceed upon the ticket taken, but must resort to his remedy the same as though he had been ejected. If, after this notice, he waits for the application of force to remove him, he does so in his own wrong. He invites the use of the force necessary to remove him; and, if no more is applied than is necessary to effect the object, he can neither recover against the conductor nor company therefor. This is the rule deducible from the analogies of the law. No one has a right to resort to force to compel the performance of a contract made with him by another. He must avail himself of the remedies the law provides in such case. This rule will prevent breaches of the peace, instead of producing them. It will leave the company responsible for the wrong done by its servant, without aggravating it by a liability to pay thousands of dollars for injuries received by an assault and battery, caused by the faithful efforts of its servants to enforce its lawful regulations."

This, it seems to us, disposes of the question involved in the appeal of the plaintiff. He had notice that he could not retain his seat in the second car of the defendant upon the original payment of his fare, and the company, by neglecting or refusing to carry him within a reasonable time, simply became answerable for the damages which he sustained by reason of the failure of the defendant to carry out its contract. This much of liability the defendant admits.

The judgment of the trial court should be reversed. All concur.